[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 5, 1994 Date of Application April 7, 1994 Date Application Filed April 11, 1994 Date of Decision November 22, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of New London at New London. Docket #CR-210623.
Peter Scillieri, Esq., For the Petitioner.
Michael Regan, Esq., For the state.
BY THE DIVISION
The petitioner pled guilty under the Alford Doctrine to Assault First in violation of Conn. Gen. Stat. § 53a-59(a)(1). The petitioner was sentenced to twenty years execution suspended after serving ten years with three years probation.
The record shows that the petitioner assaulted the victim so seriously that it caused unconsciousness, a bruise to the brain and hemorrhaging. As a result of the assault the victim suffered permanent brain damage. The victim also showed signs of being choked by the petitioner. CT Page 12971
Counsel for the petitioner informed the panel that the petitioner lived with the victim and her two children. He admitted that the couple had a history of domestic violence with each other but this particular injury was an "enormous' eruption of a different magnitude." To counsel the petitioner was a successful member of society and the sentence imposed was exacerbated by the fact the petitioner left the victim injured in their apartment and went to work in the morning. Counsel felt that the petitioner did not know or understand the extent of the victims injuries. The panel was informed that the victim still wants to keep her relationship with the petitioner and that she has fully recovered from her injuries. Counsel asked the panel to reduce the sentence by "some degree."
The petitioner when he addressed the panel stated he was a non-violent person and that it was out of character to inflict the injuries on the victim. He admitted doing wrong and noted that he still loved the victim.
The state noted that there was a history of past domestic abuse by the petitioner with this woman. The state felt that the petitioner was very lucky that he wasn't facing a homicide charge and stressed that the victim did receive permanent brain damage.
Counsel felt that the sentencing judge took into consideration the work history of the petitioner and gave him less time. Based upon the seriousness of the offense the state wanted this panel to increase the petitioner's sentence to twelve years to serve.
In reviewing the trial court's sentence in accordance with Practice Book 942 this panel finds the sentence imposed neither inappropriate nor disproportionate.
THE SENTENCE IS AFFIRMED.
Norko, J.
Klaczak, J.
Stanley, J. CT Page 12972
Norko, J., Klaczak, J., and Stanley, J., participated in this decision.